UNITED STATES DISTRICT COURT
for the
Northern District of Indiana
South Bend Division

| | | |
|---|---|---|
| James Michael VanderVeen and Jennifer Lynn VanderVeen | ) ) ) ) ) | Case No.  3:22-CV-889 |
| *Plaintiff(s)* | ) ) ) | |
| -v- | ) ) | |
| Joseph R. Biden, Jr., Miguel A. Cardona, and U.S. Department Of Education, Office Of Federal Student Aid | ) ) ) ) ) | |
| *Defendant(s)* | ) ) | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S JOINT MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION AND FAILURE TO STATE A CLAIM**

   Comes now Plaintiff James Michael VanderVeen, by counsel Jennifer VanderVeen and for his response to Defendant's Joint Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim states as follows:

   1.   To survive a motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must, if the Court accepts the facts alleged as true, allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 at 678 (2009), citing *Bell A. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  This requires "more than a sheer possibility

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 at 678 (2009), citing *Bell A. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

2. Defendants assert that the Department of Education (DoE) is not a "creditor" as contemplated by the Equal Credit Opportunity Act ("ECOA") because Plaintiff's loans are not held by DoE, but rather by a private lender.  This overlooks the assertion that the discrimination at issue occurred when DoE rejected Plaintiffs' application for a Direct Consolidation Loan.  DoE, through the Office of Federal Student Aid, does "regularly arrange for the extension, renewal, or continuation of credit" as required by the ECOA to be considered a "creditor" for purposes of the ECOA.  *15 U.S.C. §1691a(e).*

3. Defendants assert that DoE was limited by 34 CFR §685.220(b), which does not include Joint Consolidation Loans among the loans listed which may be consolidated into a Direct Loan.  34 CFR §685.220(b) was promulgated by the DoE to implement Pub.L. 109-171, Title VIII, § 8009(c), Feb. 8, 2006, 120 Stat. 164, which repealed 20 U.S.C.A. § 1078-3 (a)(3)(C).  Prior to such repeal, 20 U.S.C.A. § 1078-3 (a)(3)(C) defined eligible borrowers to include married couples applying for a joint consolidation loan which was insured or guaranteed by the Federal government.  The Federal Government did not directly issue student loans until the Federal Direct Loan Program was expanded in 2010 to replace the Federal Family Education Loan Program (FFEL) under which the Plaintiff received the joint consolidation loan at issue. *Pub.L. 111-152, Title II, § 2206(a)*, Mar. 30, 2010, 124 Stat. 1075.  There is no

language in 20 U.S.C.A. § 1078-3 as it existed until October, 2022 that explicitly precluded DoE from offering joint consolidation loans.

4. 20 U.S.C.A. § 1078-3 (b)(6) provides that

> An eligible lender that makes consolidation loans under this section shall not discriminate against any borrower seeking such a loan--
>
> **(A)** based on the number or type of eligible student loans the borrower seeks to consolidate, except that a lender is not required to consolidate loans described in subparagraph (D) or (E) of subsection (a)(4) or subsection (d)(1)(C)(ii);
>
> **(B)** based on the type or category of institution of higher education that the borrower attended;
>
> **(C)** based on the interest rate to be charged to the borrower with respect to the consolidation loan; or
>
> **(D)** with respect to the types of repayment schedules offered to such borrower.

5. The Defendants state that DoE lacked the statutory authority to consolidate the Plaintiff's loan into a Direct Loan, since no equivalent loan exists (*Defendant's Memorandum in Support of. Defendants' Joint Motion to Dismiss at 16*). However, DoE, in regulations at 34 C.F.R. § 685.220 (l) sets out a number of circumstances under which a Direct joint consolidation loan can be severed.

6. To allow individuals with private loans to access the Public Service Loan Forgiveness (PSLF) program, DoE promulgated regulations to allow individuals with private loans who would not otherwise qualify for consolidation to obtain a Direct Consolidation Loan for the sole purpose of qualifying for the PSLF program. *Federal Perkins Loan Program, Federal Family Education Loan Program, and William D.*

*Ford Federal Direct Loan Program, 73 FR 63232-01.* Again, there is no direct statutory language preventing DoE from including joint consolidation loans in those regulations.

WHEREFORE, Plaintiff James VanderVeen respectfully requests that the Court deny Defendants' Joint Motion to Dismiss and provide all other just and proper relief.

 

Jennifer L. VanderVeen (21853-49)
VANDERVEEN ELDER LAW, LLC
245 West Edison Road, Suite 120
Mishawaka, IN 46545
Telephone: (574) 307-5605
*Attorney for Plaintiff James M. VanderVeen*