UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES MICHAEL VANDERVEEN, and <br> JENNIFER LYNN VANDERVEEN <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., <br> MIGUEL A. CARDONA, <br> and U.S. DEPARTMENT OF EDUCATION <br> OFFICE OF FEDERAL STUDENT AID, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO.  3:22-cv-889 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' JOINT REPLY BRIEF
IN SUPPORT OF THEIR MOTION TO DISMISS**

Plaintiff James Michael VanderVeen ("Plaintiff") is the "borrower" on the student loan applications at issue in this lawsuit.[1] (Doc Nos. 13-1 through 13-6). Plaintiff's lawsuit concerns his alleged inability to have his Federal Family Education Loan ("FFEL") Program Joint Consolidation loan qualify for the Public Service Loan Forgiveness Program. Plaintiff maintains that he should be allowed to deconsolidate the joint consolidation loan and consolidate it into a loan that would qualify for the Public Service Loan Forgiveness Program.

All of the decisions and actions of the Defendants, Miguel Cardona, Secretary of Education, the U.S. Department of Education, and the Office of Federal Student

---

[1] Defendants note that this lawsuit was brought by Plaintiff, James Michael VanderVeen and his wife, Jennifer VanderVeen. Jennifer VanderVeen did not respond to Defendants' motion to dismiss. Accordingly, Defendants filed a motion for summary ruling as to Jennifer VanderVeen's claims. (Doc. No. 19)

Aid. (Collectively "Education") were consistent and in compliance with the applicable regulations and statutes. Plaintiff cannot prove error, discrimination, or any other violation that would warrant relief.

Further, Plaintiff makes a futile attempt to prove that the denial of Mr. VanderVeen's application to consolidate his joint consolidation loan into a Federal Direct consolidation loan discriminated against him as a married person in violation of The Equal Credit Opportunity Act, 15 U.S.C.A. 1691(a)(l).[2] Plaintiff infers that the Department of Education Office of Federal Student Aid ("FSA") has discretion in these matters, however; FSA is bound by the applicable statutes and regulations.

Plaintiff cannot survive a motion to dismiss with "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements…" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). Plaintiff does not allege any specific facts to support "discrimination."

### PLAINTIFF DOES NOT DISPUTE THAT THE PRESIDENT OF THE UNITED STATES OF AMERICA IS AN IMPROPER DEFENDANT

Plaintiff does not dispute that the President of the United States of America is an improper defendant in this case, Accordingly, the President of the United States of America should be dismissed from this lawsuit.[3]

---

[2] On November 1, 2021, Plaintiff, Mr. VanderVeen submitted an application to consolidate the Plaintiffs' existing joint consolidation loan into a Federal Direct loan program. Cmplt. ¶15; Doc. No. 13-3. On November 16, 2021, Education denied his request for consolidation, informing Mr. VanderVeen that these loans were ineligible for consolidation into a direct loan program. Cmplt. ¶16; Doc. No. 13-4.

[3] With regard to the President, courts do not have jurisdiction to enjoin him and have never submitted the President to declaratory relief." *Newdow v. Roberts*, 603 F.3d 1002, 1013 (D.C. Cir. 2010); see also *Franklin v. Massachusetts*, 505 U.S. 788, 802-03 (1992) ("[I]n general,

**PLAINTIFF DOES NOT PROVIDE ANY RESPONSE REGARDING THE CONSTIUTIONAL CLAIMS ALLEGED IN THE COMPLAINT**

It appears that Plaintiff has abandoned his claims under the Due Process or Equal Protection Clause, and pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971. Plaintiff fails to provide any information to clarify or support why *Bivens* was cited in his complaint. Further, Plaintiff's response does not explain how Education's actions or decisions violated his Due Process or Equal Protection rights.

Plaintiff focuses his response on allegations of discrimination related to the Department of Education's rejection of his application for a Direct Consolidation Loan and the Equal Credit Opportunity Act.

**PLAINTIFF'S JOINT CONSOLIDATION LOAN IS NOT ELIGIBLE FOR THE LOAN FOREGIVNESS PROGRAM OR TO RECONSOLIDATE TO A DIRECT STUDENT LOAN**

Plaintiff's loan is a FFEL Program Joint Consolidation loan[4] ("JCL"), for which he is liable jointly with his wife. Pursuant to 34 CFR § 685.219, FFEL loans are not eligible for Public Service Loan Forgiveness Program (PSLF). The regulation tightly circumscribes the types of loan eligible for PSLF benefits. The eligible loans are "Direct Subsidized Loan, Direct Unsubsidized Loan, Direct PLUS loan, or a Direct

---

'this court has no jurisdiction of a bill to enjoin the President in the performance of his official duties.'").

[4] JCLs are loans that were obtained by married couples, each of whom had student loans, in order to roll such loans into one. Both spouses were jointly and severally liable on such joint consolidation loans in their entirety. JCLs were authorized by 20 U.S.C. § 1078-3(a)(3)(C). Congress terminated the authority for JCL effective July 1, 2006.[4] Sections 8001(a) (effective date) and 8009(c) of the Higher Education Reconciliation Act of 2005 (Title VIII of the Deficit Reduction Act of 2005), Pub. L. 109-171, 120 Stat 4 (Feb. 8, 2006).

Consolidation loan." *Id*. Therefore, Plaintiff attempted to convert his FFEL JCL to a Direct Consolidation Loan. However, pursuant to 34 CFR §685.220(b), Education denied his request for consolidation, informing Mr. VanderVeen that his FFEL JCL loan was ineligible for consolidation into a Direct Loan Program. Cmplt. ¶16; 34 CFR §685.220(b). Part of the rationale for this regulation is that Education is not currently authorized to make joint consolidation loans under the Direct loan program. Allowing for a JCL to be consolidated into a non-joint consolidation loan would necessarily mean that one borrower would have to take on the loan obligations of two individuals.

Plaintiff cannot and does not dispute that Education's actions were consistent with the applicable regulations. Instead, Plaintiff attempts to argue that nothing prevents Education from making JCLs under the Direct Loan Program. This argument completely lacks merit due to its reliance on several faulty assumptions. First, Plaintiff suggests that Direct Loan Program was somehow a replacement for the FFEL loan program, and thus not bound by the repeal of 20 U.S.C. § 1078-3(a)(3)(C), which terminated Education's authority to make joint consolidation loans. However, the Direct Loan Program came into being in 1993, not in 2010 as plaintiff suggests. See Sec. 4021 of the Omnibus Budget Reconciliation Act Of 1993, PL 103–66, August 10, 1993, 107 Stat 312. The Direct Loan program was not a replacement for the FFEL program. Rather, between 1993 and 2010 it existed in parallel with the FFEL program. The terms of the Direct loan program mirrored that of the FFEL program: "loans made to borrowers under this part… [shall] have the same terms … as loans made to borrowers under section 428 [FFEL program]." 20 U.S.C. §

4

1087a(b). In other words, unless expressly stated otherwise, the Direct loans were to have the same terms as FFELs. As plaintiff points out, the Direct loan program has no specific provision regarding joint consolidation loans. Thus, 20 USC 1078-3(a)(3)(c) provided authority for both Direct and FFEL joint consolidation loans to be made. When this provision was repealed in 2006 by Sec. 8009(c) of the Higher Education Reconciliation Act of 2005 (Title VIII of the Deficit Reduction Act of 2005), Pub. L. 109-171, 120 Stat 4 (Feb. 8, 2006), the authority to make joint consolidation loans under both FFEL and Direct loan programs was terminated. Thus, contrary to Plaintiff's suggestion, there is currently no authority in the Higher Education Act for Education to make joint consolidation loans.

Second, by asserting that "there is no express language… that explicitly precluded DoE from offering joint consolidation loans," Plaintiff effectively claims that Education has an inherent power to make whatever loans it wants without statutory authorization. It does not. Education needs express authorization to make specific types of loans under specific programs. The authority to make JCLs was provided by 20 U.S.C. § 1078-3(a)(3)(c) and removed by section 8009(c) of the Deficit Reduction Act of 2005, PL 109–171, February 8, 2006. Thus, no authorization to make JCLs currently exists and therefore Education is unable to make JCLs.

*Currently, Education cannot sever Plaintiff's Joint Consolidation Loan*

Alternatively, Plaintiff claims that Education is allowed to deconsolidate JCLs by citing to 34 CFR § 685.220, which, according to Plaintiff, "sets out a number of circumstances which a Direct joint consolidation loan can be severed." Plaintiff's

Response at ¶5. Plaintiff misunderstands the nature of 34 CFR § 685.220. Rather than allowing Education to separate the loans, it describes what happens when a part of the JCL ceases to exist, for example, when one of the joint consolidation borrowers receives an individual loan discharge for reasons such as disability or death. 34 CFR § 685.220(l)(3). There is nothing in this regulation that can be interpreted as allowing joint consolidation borrowers to sever their loans in the absence of an independent basis for discharge.

## PLAINTIFF FAILS TO STATE A CLAIM OF DISCRIMINATION

*Plaintiff's Marital Status is not a basis for claim of discrimination*

Plaintiff cites to 20 U.S.C. §1078-3(b)(6), presumably in support of his claim that discrimination on the basis of marital status is not allowed. And while the prohibition against discrimination in loan consolidation in 20 U.S.C. §1078-3(b)(6) in fact contains an extensive list of factors that cannot serve as a basis for discrimination, marital status is not one of them. This is entirely consistent with the statutory scheme, as non-discrimination provisions can only apply to loans that Education is authorized to make. It cannot have the effect of forcing Education to make a type of loan – the JCL - that Education is not authorized to make. Nor can it force Education to allow a single borrower to assume liability for the debt of two individuals, which is what would happen if a joint consolidation loan would be rolled into a regular loan.

*Plaintiff fails to set forth a claim of discrimination pursuant to the Equal Credit Opportunity Act*

In a desperate attempt to keep his claims alive, Plaintiff contends that the Equal Credit Opportunity Act (ECOA) is applicable because the Office of Federal Student Aid "regularly arrange[s] for the extension, renewal, or continuation of credit" so it should be considered a creditor for purpose of this Act. However, Plaintiff does not dispute that his loan is held by a private lender, not Education.

Assuming arguendo that Education can be construed as a "creditor" under the ECOA, Plaintiff still has not identified any statute or regulation that would allow Education to deconsolidate his JCL. Though Plaintiff is displeased with the status of his loan, he cannot circumvent the fact that that Education's actions were consistent with all the applicable statutes and regulations. Accordingly, Plaintiff's allegations of discrimination in lending based on his marital status should be dismissed.

### RECENT CONGRESSIONAL ACTION WILL SOON ALLOW PLAINTIFF TO BENEFIT FROM THE LOAN FORGIVENESS PROGRAM

Plaintiff fails to acknowledge that in October of 2022 Congress passed a Joint Consolidation Loan Separation Act, PL 117-200, October 11, 2022, 136 Stat 2219, which amended the Higher Education Act of 1965 to authorize both Direct and FFEL borrowers to separate joint consolidation loans. As explained in Defendant's opening brief, Plaintiff will become eligible for loan forgiveness as soon as he is able take advantage of the recently passed Joint Consolidation Loan Separation Act to deconsolidate the JCL, which in turn will enable him to consolidate his privately held FFEL loans into the Direct loan program. Education is currently finalizing an

administrative process for separating joint consolidation loans. Once this process is finalized, and if Plaintiff follows the applicable steps provided, this matter will be moot.

As noted in Defendants' motion to dismiss, Plaintiff's application for the PSLF remains pending due to Education's temporary expansion of the PSLF program beyond Direct loans to loans of all types as long as the borrower submits both a request to consolidate those loans into the Direct loan program and a PSLF application by October 31, 2022. This expansion was referred to as the PSLF Limited Waiver. Fact Sheet: Public Service Loan Forgiveness (PSLF) Program Overhaul |U.S. Department of Education. https://www.ed.gov/news/press-releases/fact-sheet-public-service-loan-forgiveness-pslf-program-overhaul. Mr. VanderVeen filed a PSLF application prior to the October 31, 2022 deadline, and will be eligible to receive the full PSLF benefit for payments made on his FFELP joint consolidation loan as soon as Education completes the implementation of the administrative process to allow borrowers to deconsolidate joint consolidation loans.  Doc. No. 13-6, Declaration at ¶9.

## NO SOVEREIGN IMMUNITY WAIVER FOR "DAMAGES" AND NO STANDING FOR CLASS ACTION LAWSUIT

Without restating the arguments in Defendants' opening brief, Defendants merely reiterate that Plaintiff has not pointed to any waiver of sovereign immunity enabling him to pursue damages. The jurisdictional basis alleged in his complaint are

5 U.S.C. §702, 28 U.S.C. § 1331 and 28 U.S.C. § 2201.[5] However, these statutes do not waive sovereign immunity as to Plaintiff's claim for monetary damages in this case. *Shahi v. United States Dep't of State*, 33 F.4th 927, 929 (7th Cir. 2022); *Murrhee v. Principi*, 364 F. Supp. 2d 782, 786 (C.D. Ill. 2005). The Federal Government cannot be sued for monetary damages without its consent. *United States v. Navajo Nation*, 556 U.S. 287, 289, 129 S. Ct. 1547, 173 L. Ed. 2d 429 (2009). There can be no claim against the United States for money damages unless there is a statute that expressly grants a damage remedy. See *United States v. Testan*, 424 U.S. 392, 400-401 (1976).

In addition, Plaintiff James VanderVeen lacks standing to seek relief on behalf of anyone other than himself. To the extent that he is seeking some class action lawsuit, he has not completed the prerequisites for this type of action such as obtaining certification pursuant to Fed.R.Civ.P. 23(b)(2).

## CONCLUSION

As detailed in Defendant's opening memorandum and above, Plaintiff, James Michael VanderVeen's claims are without merit. There were no discriminatory actions. Based on the foregoing, Defendants respectfully request that the Court grant the Defendants' Joint Motion to Dismiss.

                                              Respectfully submitted,

                                              CLIFFORD D. JOHNSON
                                              UNITED STATES ATTORNEY

---

[5] The Administrative Procedure Act's waiver of sovereign immunity is limited to "relief other than money damages." 5 U.S.C. § 702. *Shahi v. United States Dep't of State*, 33 F.4th 927, 929 (7th Cir. 2022). Neither 28 U.S.C. § 1331 nor the APA waives sovereign immunity as to Plaintiffs' claim for monetary damages. *Id.*; *Murrhee v. Principi*, 364 F. Supp. 2d 782, 786 (C.D. Ill. 2005). 28 U.S.C. § 2201 provides for declaratory action.

By: s/ *Sharon Jefferson*
SHARON JEFFERSON
Assistant United States Attorney
United States Attorney's Office
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
Tel: (219) 937-5500
Email: sharon.jefferson2@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on April 14, 2023 the foregoing REPLY BRIEF was electronically filed with the Clerk of the Court using the CM/CM/ECF system with the Clerk of the Court using the CM/CM/ECF system that sent notification to Jennifer L. VanderVeen, attorney for John Michael VanderVeen. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants properly addressed to:

Jennifer L. VanderVeen
51241 Old Cottage Drive
Granger, IN 46530
Pro Se

/s/ Cynthia Berger
Cynthia Berger
Lead Paralegal Specialist
Civil Division

OFFICE OF:
United States Attorney
5400 Federal Plaza, Suite 1500
Hammond, IN 46320
Tel: (219) 937-5500
Fax:(219) 852-2770