UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES MICHAEL VANDERVEEN, and
JENNIFER LYNN VANDERVEEN

    Plaintiffs,

v.                                    CAUSE NO. 3:22cv889 DRL-MGG

JOSEPH R. BIDEN, JR. *et al.*,

    Defendants.

## OPINION AND ORDER

James and Jennifer VanderVeen are married. Like many Americans, they took out federal student loans to pay for schooling. They consolidated these loans into a Federal Family Education Loan (FFEL)—a joint consolidation loan. They later tried to consolidate this loan as a direct loan to pave a path toward the Public Service Loan Forgiveness program (PSLF), but the United States Department of Education denied their application.

The VanderVeens allege this denial discriminated against them as a married couple and thereby violated the Equal Credit Opportunity Act (ECOA). They also allege that the denial violated their Fifth and Fourteenth Amendment rights. They sue President Joseph R. Biden, Jr., Secretary of Education Miguel A. Cardona, and the United States Department of Education (Office of Federal Student Aid). The defense has moved to dismiss the case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Based on the court's review, the VanderVeens abandon all claims save their challenge to the Department of Education's decision, particularly whether it violates the ECOA.[1] *See* 15 U.S.C. § 1691(a)(1).

---

[1] It appears too that the VanderVeens elected to have only James VanderVeen respond to the motion to dismiss, so the court likewise considers Jennifer VanderVeen's claims abandoned, though the court refers to the VanderVeens together throughout this opinion.

The VanderVeens preserve no claim against the President of the United States of America. The VanderVeens allege that President Biden implements all federal student loan programs under Title IV of the Higher Education Act of 1965. In actuality, the Department of Education administers federal student loan programs, including the William D. Ford Federal Direct Loan program and the FFEL program. *See* 20 U.S.C. § 1070 *et seq.*; *see, e.g.,* 20 U.S.C. §§ 1071, 1078, 1082, 1087*ll*, 3441, 3471. The court dismisses the President accordingly.[2]

The court pauses to assess its jurisdiction—particularly Article III standing. *See Dept. of Educ. v. Brown*, 143 S. Ct. 2343, 2353-2355 (2023) (finding two borrowers lacked standing to challenge loan forgiveness program). Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The United States Constitution confines the judiciary's power to "Cases" and "Controversies." U.S. Const. Art. III § 2. For a case or controversy to exist, a plaintiff must have standing—an injury, fairly traceable to the defendant's conduct, that the court's decision will likely redress. *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 797 (2021); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). In June 2023, after briefing concluded on the motion to dismiss, one forgiveness program was undone, *see Biden v. Nebraska*, 143 S. Ct. 2355 (2023), but this seems a new offering separate from the PSLF program, *see id.* at 2369. Absent a declaration that the relief they seek under the PSLF no longer can exist because it exceeds congressional authorization, the court proceeds to the merits.[3]

The VanderVeens claim that the Department (and its Secretary) violated the ECOA by denying their consolidation application in November 2021 based on their marital status. The VanderVeens have

---

[2] Nor would the President qualify as an "agency" had the VanderVeens pursued (and not abandoned) their challenge to the Department's final action under the Administrative Procedure Act (APA), 5 U.S.C. § 704. *See Dalton v. Specter*, 511 U.S. 462, 469 (1994). Declaratory or injunctive relief would be improper too against the President in his official capacity—the capacity in which he has been sued here. *See Franklin v. Massachusetts*, 505 U.S. 788, 802-03 (1992).

[3] The VanderVeens lack standing to seek relief for others similarly situated, however.

an FFEL joint consolidation loan—a loan obtained by married couples that rolled their otherwise independent student loans into one. FFEL loans, one of three types implemented under Title IV of the HEA, are loans made by private lenders and guaranteed by the federal government. *See* 20 U.S.C. § 1071, 1087aa; *Biden*, 143 S. Ct. at 2362. Congress ended this program effective July 1, 2010, but several loans remain outstanding.

The ECOA makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction (1) on the basis of . . . sex or marital status." 15 U.S.C. § 1691(a)(1). Even assuming the Department qualifies as a "creditor"—a government agency who participated in a credit decision by denying a continuation of credit in the form of a consolidated loan, albeit held by a private lender, *see* 15 U.S.C. § 1691a(e) (defining creditor); 15 U.S.C. § 1691a(f) (defining person); 12 C.F.R. § 202.2(l) (defining creditor); 12 C.F.R. § 202.2(m) (defining credit transaction); *see generally Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 978-79 (7th Cir. 2004)—the VanderVeens have not plausibly alleged that the Department unlawfully discriminated against them.

To state an ECOA claim, the VanderVeens must establish that they were applicants whom the Department treated less favorably because of their marital status. *See Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 538 (7th Cir. 2011). Rather than offer something plausible to suggest discrimination and their qualification for a new consolidated loan, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the VanderVeens wrestle with federal regulations—34 C.F.R §§ 685.219, 685.220(b)—that foreclose rather than facilitate their eligibility for a direct consolidated loan or the PSLF program.

A borrower may obtain loan forgiveness by satisfying payment history on "eligible" direct loans, *see* 34 C.F.R. §§ 685.219(a), (c)(1); and loans eligible for consolidation into a direct consolidation loan include several types, but not an FFEL, *see* 34 C.F.R. § 685.220(b). The VanderVeens offer no cogent reason why the Department can exceed these regulatory restrictions. For instance, an older law, since

3

repealed, cannot be a basis for evading today's law. *See In re Shaver*, 140 F.2d 180, 181 (7th Cir. 1944) (repealing a law "obliterate[s] such statute as completely as if it had never been passed"). The VanderVeens also offer no rationale why today's regulations exceeded the agency's authority or should be changed. *See, e.g., Brown*, 143 S. Ct. at 2353.

It seems the VanderVeens may soon have a path forward under a new law passed last year, and their application for that relief remains pending, as reported. This suit doesn't concern this new law, and the issue isn't ripe in any event. Today the VanderVeens have not alleged a plausible claim for relief under the ECOA. In addition, given the plain language of these regulations, the court believes any amendment to their complaint would be futile. Accordingly, the court GRANTS the motion to dismiss with prejudice under Rule 12(b)(6) [ECF 12] and GRANTS the motion for summary ruling [ECF 19].

SO ORDERED.

September 1, 2023                               *s/ Damon R. Leichty*
                                                Judge, United States District Court